IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RENE ALEJO RUIZ-CASTILLO,    )
                             )
          Petitioner,        )
                             )        1:12CV837
     v.                      )        1:08CR20-2
                             )
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )
                             )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner Rene Alejo Ruiz-Castillo ("Petitioner") has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 63.)[1] The Government has responded (Doc. 71), and despite being notified of his right to reply and given an extension to do so (Docs. 72, 73), Petitioner has not filed a reply. This matter is now ripe for ruling. See Rule 8, Rules Governing Section 2255 Proceedings. For the reasons that follow, this case will be dismissed.

**I.   BACKGROUND**

Petitioner was indicted for (1) conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and (2) possession with intent to distribute 100 kilograms

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:08CR20-1).

or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Indictment (Docs. 23) at 1-2.) Petitioner was found guilty of both counts by a jury, with the jury also finding that Petitioner was responsible for more than 50 kilograms but less than 100 kilograms of a mixture and substance containing a detectable amount of marijuana. (Verdict (Doc. 35).) Petitioner was sentenced to concurrent 130-month terms of imprisonment on each count. (J. (Doc. 41) at 1-2.)[2]

After an unsuccessful appeal, United States v. Ruiz-Castillo, 432 Fed. Appx. 229 (4th Cir. 2011), and after filing

---

[2] Although Petitioner does not raise this issue in his pleadings, the Government correctly points out that the trial record and PSR indicate that Petitioner's statutory mandatory minimum penalty was set out as not less than 5 years, with a statutory mandatory maximum penalty of not more than 40 years. (Sentencing Hr'g Tr. (Doc. 49) at 3; PSR ¶ 43.) The jury's verdict, however, which included a special interrogatory as required by the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), resulted in Petitioner being held accountable for more than 50 kilograms but less than 100 kilograms of marijuana at trial. (See Verdict (Doc. 35).) As a result, Petitioner's statutory maximum penalty should have been announced as not more than 20 years. No mandatory minimum penalty would have applied in this case. See 21 U.S.C. § 841(b)(1)(C). Petitioner's guidelines range would have remained at 121 to 151 months of imprisonment even if the correct statutory maximum penalty had been announced at sentencing. The Government contends, and this court agrees, that the error in reciting the incorrect mandatory minimum and statutory maximum penalties, or counsel's failure to raise the issue at sentencing, was not prejudicial to Petitioner. The sentence imposed by the court of 130 months was well within the correct twenty-year statutory maximum penalty available under 21 U.S.C. § 841(b)(1)(C).

several initial motions with this court that were denied by the Magistrate Judge, (see Pet'r's Mots. (Docs. 57, 58); Order & Recommendation of United States Magistrate Judge (Doc. 59) at 3-4), Petitioner filed his Corrected Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. ("Petition" (Doc. 63).) In his Petition, Petitioner sets out four claims of ineffective assistance. First, Petitioner asserts ineffective assistance during plea bargaining, specifically that Petitioner asked for a "good plea" based on the safety valve and that counsel insisted on going to trial. (Id. at 4.)[3] Second, Petitioner contends pretrial counsel was ineffective, specifically that counsel failed to file a motion to suppress. (Id. at 5.) Third, Petitioner asserts ineffective assistance of trial counsel, specifically that counsel did not investigate or present evidence of Petitioner's lack of intent to distribute marijuana. (Id. at 7.) Fourth, Petitioner asserts ineffective assistance of counsel at sentencing, specifically that counsel did not object to the quantity of drugs used to establish Petitioner's sentence. (Id. at 8.) As explained below, these claims lack merit.

---

[3] All citations to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-3-

## II. **LEGAL STANDARD**

To prove ineffective assistance of counsel generally, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688-89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694).

## III. DISCUSSION

### A. Claim One

Petitioner first asserts ineffective assistance of counsel during the plea bargaining stage. (Petition (Doc. 63) at 4.) In its entirety, Petitioner's first claim states: "I have no criminal record that would have prevented me from obtaining the 'safety valve.' I ask my lawyer to get me a good plea and he insisted on taking me to trial. Please See: Supplemental memorandum of law in support." (Id.)[4]

The Supreme Court has considered whether a criminal defendant can be prejudiced when the decision to go to trial rather than accept a guilty plea results from counsel's deficient performance. Lafler v. Cooper, __ U.S. __, __, 132 S. Ct. 1376, 1383 (2012). The Supreme Court concluded that "a defendant has the right to effective assistance of counsel in considering whether to accept [a plea bargain]. If that right is denied, prejudice can be shown if loss of the plea

---

[4] This court notes that there is no "supplemental memorandum of law in support" on the record. The Government notified Petitioner of this omission in its response. (See Government's Resp. (Doc. 71) at 3 n.1), but Petitioner has failed to file a memorandum or supplement his Petition in any way. Without the memorandum explaining the basis for Petitioner's claims, the language in the Petition is vague and conclusory. However, where possible, this court has examined the merits of Petitioner's claims without dismissing those claims based solely on the vague and conclusory nature.

-5-

opportunity led to a trial resulting in . . . the imposition of a more severe sentence." Id. at ___, 132 S. Ct. at 1387.

To establish prejudice in the context of a rejected plea bargain:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at ___, 132 S. Ct. at 1385; see also Missouri v. Frye, ___ U.S. ___, ___, 132 S. Ct. 1399, 1404 (2012) (addressing ineffective assistance of counsel claim "aris[ing] in the context of claimed ineffective assistance that led to the lapse of a prosecution offer of a plea bargain, a proposal that offered terms more lenient than the terms of the guilty plea entered later").

Here, Petitioner's claim fails and must be dismissed without a hearing because it is vague, conclusory, and unsupported. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds

-6-

recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Petitioner fails to assert that the Government had made a plea offer, that a plea offer would have benefited Petitioner in some way, that Petitioner would have entered into said plea bargain, or that this court would have accepted it. Thus, Petitioner's first claim is simply too vague to proceed further.

Although Petitioner's claim fails for this reason alone, this court notes that, even if Petitioner had provided further allegations, this claim would fail under the principles set out in Lafler. The Government has filed an affidavit from counsel. (Government's Resp., Attach. A, Aff. of Milton Bays Shoaf ("Shoaf Aff.") (Doc. 71-1).) In it, counsel asserts that (1) he had numerous conversations with Petitioner about his case; (2) counsel and Petitioner discussed the probable results of a plea agreement as opposed to a jury trial; (3) Petitioner insisted he did not know that the four bales that he unloaded from a flat-bed trailer contained marijuana; (4) counsel negotiated a plea agreement to hold Petitioner accountable for only four bales of marijuana - about 45 kilograms - which would likely have resulted in a 37 to 46-month sentence, rather than the 1,609 kilograms and 130-month sentence Petitioner ultimately received; (5) counsel had Petitioner's friend from New York speak to Petitioner about the benefits of the plea bargain; and

-7-

(6) Petitioner was also fully informed of the aforementioned plea agreement. (See id. at 1; see also Presentence Report ("PSR") ¶ 12.) Despite all this, counsel indicates that Petitioner rejected the plea agreement and elected to proceed to trial. (Shoaf Aff. (Doc. 71-1) at 1.) Counsel has also attached copies of emails exchanged between he and the Assistant United States Attorney discussing a plea bargain on May 7, 2008, several days before the trial began. (See id. at 3.) Petitioner has offered nothing to rebut these statements made under oath by his trial counsel.[5]

Even assuming a dispute of fact exists as to whether Petitioner rejected a plea, Petitioner's trial testimony, provided under oath, belies his argument as to the reasonable possibility of a plea benefiting him in some way. At trial, Petitioner testified that he did not know that the pallets that were unloaded into the warehouse were filled with marijuana; denied conspiring to distribute marijuana; and denied knowingly and intentionally possessing marijuana. (See May 14, 2008 Trial Tr., Vol. 4 (Doc. 53-4) at 18-20, 23.) Thus, given Petitioner's

---

[5] Petitioner was notified of his right to file a reply by way of a Roseboro letter sent by the Clerk. (See Roseboro Letter (Doc. 72).) Petitioner was aware of his right to file a reply, as reflected in his motion for extension of time. (See Pet'r's Mot. for Extension of Time to File Reply to Government's Resp. (Doc. 73).) Nevertheless, no reply was filed.

-8-

failure to accept responsibility during the trial, it is unlikely that Petitioner would have accepted a plea bargain if offered one.

More importantly, in the face of the denials, Petitioner has presented no evidence or allegation that he would have received a more favorable result through resolution by a plea agreement. The benefits of a plea agreement as suggested by Petitioner, notably the "safety valve," (see Petition (Doc. 63) at 4), require that a defendant provide truthful information to the Government. See 18 U.S.C. § 3553(f). Defendant's denial of the criminal activity with which he was charged and subsequently convicted preclude a finding that the safety valve applies. Furthermore, this court will not countenance permitting a defendant to deny allegations under oath at trial and, following the verdict, claim he was guilty of the offense in an effort to belatedly obtain the benefits of a plea bargain, absent some extraordinary circumstances not presented here.

Finally, Petitioner's denials under oath lead this court to conclude that Petitioner would not have received any credit for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, unless Petitioner could provide some explanation for his denial of criminal conduct given under oath. This is particularly true in light of the fact that Petitioner's

-9-

testimony at trial is fully consistent with Petitioner's statements to counsel as set forth in counsel's affidavit. (See Shoaf Aff. (Doc. 71-1) at 4.) Without the benefits that arise from accepting responsibility or from the safety valve, Petitioner has not shown that his sentence under some hypothetical offer would have been less severe than the sentence that in fact was imposed, and as a result, Petitioner is not entitled to relief. See Lafler, ___ U.S. at ___, 132 S. Ct. at 1385.

Thus, Petitioner has both failed to allege any specific way that his counsel's performance was deficient, and given his testimony, it does not appear that Petitioner was prejudiced by any alleged deficiency. For these reasons, this claim fails.

**B.  Claim Two**

Petitioner's second claim alleges ineffective assistance of counsel in the pretrial stage of his defense. In its entirety, Petitioner's second claim is that "Counsel failed to file pretrial motions to suppress evidence that was used against me. Even though I told him that I was not the leader or organizer of any conspiracy. Please See:  Memorandum of Law in support." (Petition (Doc. 63) at 5.) This claim, like the previous one, is also vague, conclusory, and unsupported. See Nickerson, 971 F.2d at 1136. Petitioner fails to allege the factual or legal

-10-

grounds upon which a motion to suppress would be warranted or would even be arguably warranted. Moreover, Petitioner fails to state exactly what evidence counsel should have sought to have had suppressed.

Beyond this, the Government has pointed to record evidence in the form of trial testimony regarding Petitioner's involvement in the offense as support for any decision by counsel not to file a motion to suppress. (See Government's Resp. (Doc. 71) at 8 (citing "witnesses' testimony regarding [Petitioner's] involvement in the offense, the search of the warehouse and [Petitioner's] vehicle"); see also May 14, 2008 Trial Tr., Vol. 1 (Doc. 53) at 11-30; id., Vol. 2 (Doc. 53-1) at 1-31; id., Vol. 3 (Doc. 53-2) at 1-28.) This testimony indicates (1) that counsel was not deficient in deciding not to pursue a motion to suppress, and (2) that even if counsel was deficient in deciding not to move to suppress unnamed evidence, that decision did not prejudice Petitioner because the evidence presented above would provide a basis for the jury to find Petitioner guilty of the offenses charged.

For these reasons, this claim is denied.

**C.  Claim Three**

Petitioner's next argument charges ineffective assistance during trial. In its entirety, Petitioner's third claim is that

"Counsel failed to investigate and present evidence of my 'lack of intent' to distribute marijuana. That my role as a[n] 'off loader' was not to distribute any drugs. Please See: Memorandum of Law in support." (Petition (Doc. 63) at 7.) Once again, however, Petitioner has failed to provide any detail, much less evidence, explaining why either prong of the Strickland analysis is met here. This claim also fails as vague and conclusory. See Nickerson, 971 F.2d at 1136.

Moreover, examining the trial transcript, Petitioner testified and told the jury that he had no knowledge that the packages he was helping to unload contained marijuana. (See May 14, 2008 Trial Tr., Vol. 4 (Doc. 53-4) at 18.) He explained what he was told when he was recruited to do the work, and he explained why the odor of the packages did not alert him to the possibility that the packages contained marijuana. (See id. at 12-18.) With the jury hearing this testimony and nonetheless finding Petitioner guilty, it is unclear (1) what other evidence Petitioner wanted counsel to admit and (2) whether Petitioner was prejudiced by the alleged lack of evidence, since the jury apparently did not believe Petitioner's testimony. As a result, Petitioner's third claim fails.

### D. Claim Four

Petitioner's last claim charges ineffective assistance of counsel during sentencing. In its entirety, Petitioner's fourth claim is that "Counsel failed to object to the quantity of drugs that were used to establish the mandatory minimum, as 'reasonable forseeable.' Further, counsel failed to seek the 'safety valve' application prior to sentencing. Please See: Memorandum of Law in support." (Petition (Doc. 63) at 8.)

The quantity of marijuana attributed to Petitioner at sentencing (1,609 kilograms) was supported by the facts set forth in the PSR. (See PSR ¶¶ 5-12.) While the evidence introduced at trial was limited to the four bales of marijuana seized from Petitioner's vehicle, (see May 14, 2008 Trial Tr., Vol. 3 (Doc. 53-3) at 14), this court was required to determine whether Petitioner was responsible for additional quantities of marijuana based on evidence of relevant conduct, i.e., the additional marijuana found inside the warehouse. See USSG § 1B1.3(a)(1)(B) (instructing that the base offense level should be determined based on "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity").

This court heard evidence at trial of Petitioner's involvement in the drug conspiracy; that he was arrested at the

-13-

warehouse that was the subject of investigation; and that "marijuana residue," digital scales, and marijuana packaging materials similar to the packaging of the marijuana that was seized at the warehouse were found at Petitioner's residence. (See May 14, 2008 Trial Tr., Vol. 2 (Doc. 53-2) 13-15.) Ultimately, the jury found Petitioner guilty of conspiracy to distribute marijuana. (See Verdict (Doc. 35) at 1.)

Based on these facts, this court correctly held Petitioner accountable for the entire amount of marijuana seized from his vehicle and the warehouse, as these amounts were part of jointly undertaken criminal activity and were reasonably foreseeable to Petitioner. Thus, any objection from counsel on this point would have been frivolous, and counsel's performance was not deficient based on his failure to object.

Petitioner's claim that counsel should have argued for the "safety value" adjustment is also without merit. Because Petitioner chose to exercise his right to trial and continued to deny his role in the conspiracy, he does not qualify for the safety valve adjustment. See USSG § 5C1.2(a)(5). Section 5C1.2 requires, in pertinent part, that a criminal defendant "not later than the time of the sentencing hearing . . . truthfully provide[] to the Government all information and evidence that defendant has concerning the offense or offenses that were part

-14-

of the same course of conduct or of a common scheme or plan."
USSG § 5C1.2(a)(5). Petitioner alleges that he met the other
criteria of the adjustment - not more than one criminal history
point, no use or threat of violence in connection with the
offense, and only a minimal role in the offense; yet, Petitioner
does not explain how or in any way assert that he met the last
criteria. As a result, it appears that an objection by counsel
would have been frivolous, and counsel's performance was not
deficient based on his failure to object. Thus, this claim
fails as well.

Additionally, as noted, Petitioner denied any involvement
in the charged marijuana conspiracy and in the knowing
possession of marijuana during his trial testimony. He also
refused the Government's plea offer. Counsel did not render
ineffective assistance by failing to raise an objection at
sentencing to the failure to apply the safety valve adjustment,
as there was no basis in law or fact to support such an
objection. This ground is without merit and therefore is
denied.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion Under
§ 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 63) is

**DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 4th day of August, 2015.

_____
United States District Judge